[Cite as *In re S.W.*, 2011-Ohio-808.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| S./W. | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| MINOR CHILDREN | |
| | Case No. 2010CA00313 |
| | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
Juvenile Division, Case No. 2008JCV00849


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      February 22, 2011


APPEARANCES:

For Appellant              For Appellee

EUNBIN RII                 LISA A. LOUY
200 West Tuscarawas Street      221 Third Street, SE
Suite 200                  Canton, OH  44702
Canton, OH  44702

*Farmer, J.*

{¶1} On July 29, 2008, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of G. S. born October 8, 1998, D. W. born December 29, 2001, S. W. born October 24, 2005, and E. W. born June 19, 2007, alleging the children to be neglected and/or dependent. Mother of the children is Francesca Steadman; father of D. W., S. W., and E. W. is appellant, David Wise. Alleged father of G. S. is Ismael Escabi. A hearing before a magistrate was held on October 8, 2008. Appellee withdrew the allegation of neglect. By decision filed same date, the magistrate found the children to be dependent, and granted temporary custody of the children to appellee. The trial court approved and adopted the decision.

{¶2} On June 3, 2010, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. A hearing was held on October 14, 2010. By judgment entry filed October 19, 2010, the trial court terminated the parents' parental rights and granted permanent custody of the children to appellee. Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT'S DECISION TO TERMINATE THE FATHER'S PARENTAL RIGHTS IN THE BEST INTEREST OF THE CHILDREN WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

I

{¶5}   Appellant claims the trial court erred in finding that the best interests of the children would best be served by granting permanent custody of the children to appellee.  We disagree.

{¶6}   R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child.  "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus.

{¶7}   R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child.  Said section states relevant factors include, but are not limited to, the following:

{¶8}   "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶9}   "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶10}   "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private

child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶11} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶12} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶13} Appellant argues it is not in the best interest of the children to be in the permanent custody of appellee, but concedes the children have been in appellee's custody for twelve or more months of a consecutive twenty-two-month period:

{¶14} "Wanda Pounds, the SCDJFS ongoing worker, testified.  On July 24, 2008, the agency became involved because Mother and Father were incarcerated on felony charges alleging intimidation of a witness.  In addition, conditions in the home were deplorable.  The children were placed with Maternal Grandmother.  On July 28, 2008, the children had to be removed from maternal grandmother's home under Juvenile Rule 6 because grandmother threatened to poison the children.  Grandmother was subsequently convicted on four counts of child endangering.  The agency filed the underlying complaint.  On October 8, 2008, the children were found to be dependent and temporary custody was granted to the agency.  The children have been in the temporary custody of the agency for 12 or more months of a consecutive 22 month period.***"  Finding of Fact No. 1 – Permanency, filed October 19, 2010; See also, T. at 7.

{¶15} On the best interest issue, the trial court concluded that permanent custody was in the children's best interest:

{¶16} "1. THEREFORE, the Court finds, despite the bond between the parents and G., S., D. and E., the harm caused by severing the bond with the parents is outweighed by the benefits of permanency in these children's lives.

{¶17} "2. THEREFORE, the Court finds G., S., D. and E. to be adoptable.

{¶18} "3. THEREFORE, further delay in providing permanency for G., S., D. and E. to allow the parents to work on their case plan is not in the children's best interest. The parents have not been able to remedy the initial problems in this case over the statutory two-year period, and it does not appear they will do so within the foreseeable future." Court's Decision Re: Best Interest, filed October 19, 2010.

{¶19} It is undisputed that appellant was incarcerated during the first twenty-two months the children were in appellee's temporary custody. He was released from prison on July 16, 2010. T. at 18. As a consequence, appellant was unable to complete a case plan while in prison; however, a case plan was initiated at the time of his release. T. at 19-20. He did not submit to urine screens because he admitted to smoking marijuana following his release from prison. T. at 20. He was asked to submit a urine sample at a later date, but he failed to do so. T. at 21. Appellant does not have a permanent home. T. at 22. He was renting a room and considering getting a trailer. Id.

{¶20} During the time from his release from prison to the hearing, appellant participated in visitations with the children. The children interact with the parents, but are tentative. T. at 24.

{¶21} Appellant testified while in prison, he took parenting classes, obtained his GED, and "did alcohol and NA for 12 months." T. at 31. Appellant pled for a second chance, that despite bad choices, he is now on the right track:

{¶22} "Q. Good, good. What do you suggest we do?

{¶23} "A. I suggest you give me a chance, okay.

{¶24} "***

{¶25} "A. ***Now that I'm out, I want my time too to be with my children and to be able to try to win them back.

{¶26} "Q. So the gist of your whole testimony is that you want time. You feel that your needs have not been met in this case. You're not so concerned with the effect that this is having on your children. I just want to be clear, you think it's fine for them to remain in care indefinitely while you get your stuff together, right?

{¶27} "A. No, I'm not saying it like that, okay, I'm saying it like this to you, yes my children are in foster care, yes they're suitable for adoption according to you guys, Miss Eoff, but I feel that being a parent and I know I'm a good parent, okay, that I can provide for my children and yes, I would like for them, if that's the case, to stay in the system for a little longer so I can try to get my kids back." T. at 41-42.

{¶28} Appellant testified he had not been in any trouble since his release from prison, but readily admitted to smoking marijuana immediately after his release. T. at 31, 44.

{¶29} The children expressed no real desire to be reunited with their parents, but expressed a desire to remain together. T. at 28. The children have been in the same placement since July of 2008. T. at 52. The youngest child was moved in August of

2010 to be placed with a younger sibling, not a party to this case. Id. They are residing in a foster-to-adopt home. T. at 53. This home is interested in adopting all of the children. T. at 56. All of the children are doing well. T. at 53-54.

{¶30} Appellee's caseworker, Wanda Pounds, opined the children were extremely bonded to each other, and it was important to resolve their custody issues so they could be adopted together and gain stability. T. at 55, 58. Relative placement was investigated and it was not an option. T. at 55-56.

{¶31} Upon review, we find the trial court had before it clear and convincing evidence to determine permanency to appellee was in the children's best interest.

{¶32} The sole assignment of error is denied.

{¶33} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_s/Sheila G. Farmer_____

_s/W. Scott Gwin_____

_s/Patricia A. Delaney_____

JUDGES

SGF/sg 201

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                    :
                                     :          JUDGMENT ENTRY
S./W.                                :
                                     :
MINOR CHILDREN                       :          CASE NO. 2010CA00313

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. Costs to appellant.

_s/Sheila G. Farmer_____

_s/W. Scott Gwin_____

_s/Patricia A. Delaney_____

JUDGES